**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRY L. WILSON,

      Petitioner,                          Civil No. 06-CV-15508
                                             HONORABLE NANCY G. EDMUNDS
v.                                         UNITED STATES DISTRICT JUDGE

MICHAEL WARREN,

      Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Terry L. Wilson, ("petitioner"), presently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 2006 conviction for possession of cocaine and being a fourth felony habitual offender. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**I. Background**

Petitioner pleaded guilty to the above offense in the Oakland County Circuit Court. On November 22, 2006, petitioner was sentenced to three to fifteen years in prison. There is no indication that petitioner ever appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court. Petitioner now seeks habeas relief from this conviction.

## II.  Discussion

The instant petition is subject to dismissal because there is no indication by petitioner that he exhausted his state court remedies with respect to the conviction that he is challenging, as well as to the claims that he is raising, in this petition.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).  The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to

allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). In addition, this Court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any appeal ever having been filed by petitioner in this case or any other case. [1] A search of Westlaw online has also failed to reveal any cases filed by petitioner in the Michigan Court of Appeals or the Michigan Supreme Court. In fact, petitioner has attached to his petition a notice of his appeal rights which he received from the Oakland County Circuit Court on November 22, 2006. In this form, petitioner requests the appointment of appellate counsel to assist him with his state court appeal. Petitioner also acknowledges in his petition that he has an appeal pending in another court, although he does not elaborate on the nature of this appeal. [2] Petitioner's claims are therefore unexhausted.

Petitioner has not presented his claims to the Michigan Court of Appeals or to the Michigan Supreme Court. Therefore, he has not exhausted his state court

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[2] *See* Petition for Writ of Habeas Corpus, ¶ 14.

3

remedies. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). M.C.R. 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. *Id.* Petitioner claims that he was sentenced on November 22, 2006. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Therefore, petitioner has an available remedy in state court to exhaust his claims. *Id.*

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. *Geeter,* 293 F. Supp. 2d at 775. Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that petitioner may pursue exhaustion of his state court remedies. *Id.*

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See  Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,*

4

2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III. ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 4, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 4, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager