**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRY L. WILSON,

       Petitioner,                         Civil No. 06-CV-15508
                                        HONORABLE NANCY G. EDMUNDS
v.                                    UNITED STATES DISTRICT JUDGE

MICHAEL WARREN,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITIONS FOR REVIEW REOPENING THE OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his 2006 conviction for possession of cocaine and being a fourth felony habitual offender. On January 4, 2007, the Court summarily dismissed petitioner's habeas application on the ground that petitioner had failed to exhaust his state court remedies with respect to the conviction that he was challenging in his petition. The Court also declined to hold the petition in abeyance, because all of the claims contained in the petition were unexhausted, thus depriving the Court of jurisdiction over the petition. The Court further noted that it was unnecessary to hold the petition in abeyance pending the exhaustion of the claims in the state courts, because the one year limitations period had yet to begin running in this case. *See Wilson v. Warren,* No. 2007 WL 37756 (E.D. Mich. January 4, 2007). The Court denied petitioner's motion for reconsideration

1

on January 30, 2007.

Following the exhaustion of his state court remedies, petitioner filed a new habeas petition, in which he challenged the same conviction that he challenged in his first petition before this Court. That petition was denied on the merits. *Wilson v. Booker,* No. 2008 WL 4427638 (E.D. Mich. September 30, 2008)(Hood, J.).

Petitioner has now filed three petitions, in which he essentially asks this Court to reopen his prior habeas petition that had been dismissed by this Court without prejudice. For the reasons stated below, the petitions are denied.

This Court is without the power to reinstate petitioner's original habeas petition that had previously been filed before this Court. This Court did not retain jurisdiction over petitioner's first habeas petition which it dismissed without prejudice for failure to exhaust state remedies, in the absence of any express retention of jurisdiction over the first petition. *See Lefkowitz v. Fair*, 816 F.2d 17, 21 (1st Cir. 1987). In fact, this Court explicitly indicated in the opinion and order of summary dismissal that it did not have the ability to hold the petition in abeyance pending the exhaustion of petitioner's claims, because all of the claims contained in the petition were unexhausted, depriving the Court of jurisdiction over the petition.

Secondly, petitioner has already been denied habeas relief by Judge Hood with respect to this conviction. This Court would not have the authority to permit petitioner to reopen his original habeas petition, because to do so would

2

circumvent the Antiterrorism and Effective Death Penalty Act's (AEDPA) prohibition against bringing a successive habeas challenge to the same conviction.  Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Because petitioner has not obtained authorization to file a successive habeas challenge to his conviction, he is not entitled to reopen his original habeas petition at this point.

Petitioner lastly raises a number of challenges to the conditions of his confinement in his petitions to reopen his habeas petition.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v.*

3

*Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by petitioner which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Petitioner should therefore bring his complaints about the conditions of his confinement as a separate civil rights action or actions.

## ORDER

Based upon the foregoing, IT IS ORDERED that the Petitions for Review Reopening the Opinion and Order Denying the Motion for Reconsideration [Court Dkt. Entries ## 13, 14, and 15] are **DENIED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 17, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4